HARMON SMITH *vs.* HENRY M. FOLSOM.

*Award of referee.*

In a real action, referred by rule of court, the referee reported that the demandant was entitled to the land claimed by him, and that a specified line constituted the true division between the estates of the parties. To the acceptance of this report the tenant objected, because there was no submission of the question of the location of the dividing line, and that the boundary designated was not mentioned in the writ or pleadings, but the award was accepted; *held,* that exceptions would not lie for this cause.

ON EXCEPTIONS.

WRIT OF ENTRY referred by rule of court to Hon. Charles Danforth, who reported, at the August term, 1872, "that the blue line as marked on Hayden's plan of November 24, 1869, is the true line between the parties, and that the plaintiff is entitled to judgment for the land claimed by him in his writ."

To the acceptance of this report the tenant objected, on account of its containing this statement, as assuming to decide a question not embraced in the submission ; that the only issue presented was, which party had the better title to the land particularly described by metes and bounds in the writ, which gave the courses and distances of the boundaries, the blue line named by the referee not being identical with any boundary alleged or described in the plaintiff's declaration.

The presiding justice overruled the objections, and ordered the acceptance of the report, to which the defendant excepted.

*Jos. W. Spaulding,* for the tenant.

It is for the court, not the referee, to determine what is within the terms of the submission. *Sawyer v. Freeman,* 35 Maine, 546.

Smith claimed premises particularly described; Folsom, by his pleadings, admitted that they were in his possession ; thus raising the distinct and only issue, which had the better title in himself to

this lot of land thus designated. No controversy as to the dividing line between this and an adjoining lot could arise because no disclaimer was filed. *Blake v. Ham*, 50 Maine, 311; *Tibbetts v. Estes*, 52 Maine, 566. No greater power than the court possessed could be given to the referee; and the jury, had it been left to them, could have rendered no verdict as to the line dividing this from an adjoining lot. Therefore, so much of the report, at least, is bad and must be rejected. *Clement v. Durgin*, 1 Maine, 300; *Sawyer v. Freeman*, 35 Maine, 542; *Wyman v. Hammond*, 55 Maine, 535. The referee gave the demandant all he claimed and then went on to fix the line between this estate and a coterminous one, the ownership of which nowhere appears! and establishes a line not named in the writ!

*A. Libbey*, for the demandant.

RESCRIPT.

The court perceives no error in the award of the referee. He decides that the plaintiff is entitled to judgment for the land claimed by him in his writ. This was a substantial determination of the whole matter in issue, and nothing more could be required of the referee. But it was not improper for him to state, as the ground of his decision, where he found the true line between the parties to be. Such a statement could do no harm, while it might be a satisfaction to the parties to know what the conclusion of the referee was. The court is of opinion that there was no error on the part of referee in making such a statement in his award.

*Exceptions overruled.*